UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID WINTER,

        Plaintiff,

    v.

JAGUAR LAND ROVER NORTH AMERICA, LLC, et al.,

        Defendants.

Case No. 26-cv-01580-NW

**ORDER GRANTING MOTION TO STRIKE THE FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF'S MOTION TO REMAND**

Re: ECF Nos. 10, 17

This case arises out of Plaintiff David Winter's purchase of an allegedly defective 2025 Land Rover Range Rover Sport (the "Vehicle"). Winter moves to remand the action to state court (ECF No. 10), and Defendant Jaguar Land Rover North America, LLC ("JLRNA") moves to dismiss or, in the alternative, strike the first amended complaint ("FAC") (ECF Nos. 17, 17-1).[1] *See* ECF No. 7 (FAC).

The Court previously found this matter suitable for disposition without oral argument and vacated the July 1, 2026 hearing. ECF No. 28. For the reasons set forth below, the Court GRANTS JLRNA's motion and STRIKES the FAC, and GRANTS Winter's motion to remand.

I.    **BACKGROUND**

    A.    **Factual Allegations**

On or about August 15, 2025, Winter paid $134,780.24 to purchase a 2025 Land Rover Range Rover Sport (the "Vehicle") which was manufactured, distributed, or sold by JLRNA. The purchase came with a written warranty that provided, "in the event a defect developed with the

---

[1] Although Civil Local Rule 7-2(b) requires the notice of motion and points and authorities to be filed "[i]n one document," JLRNA separately filed its notice of motion and memorandum of point and authorities. ECF No. 17 (notice of motion); ECF No. 17-1 (mem. of points & auth.).

Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to [JLRNA]'s representative and the Vehicle would be repaired." FAC ¶ 7. "During the warranty period, the Vehicle contained or developed various defects, including, but not limited to, defects which cause the vehicle to die while driving and be unable to restart." *Id.* ¶ 8. Winter alleges that "at the present time, the Vehicle's value is *de minimis*." *Id.* ¶ 9.

**B.     Procedural History**

Winter initiated this action on January 15, 2026, in the Superior Court of California, County of Santa Clara. The complaint named as a defendant JLRNA and asserted twelve state law causes of action: (1) Breach of the Implied Warranty of Merchantability, Cal. Civ. Code § 1794; (2) Breach of the Implied Warranty of Fitness, Cal. Civ. Code § 1794; (3) Breach of Express Warranty, Cal. Civ. Code § 1794; (4) Failure to Promptly Repurchase Product, Cal. Civ. Code § 1793.2(d); (5) Failure to Commence Repairs Within a Reasonable Time, Cal. Civ. Code § 1794; (6) Failure to Complete Repairs Within 30 Days, Cal. Civ. Code § 1794; (7) Failure to Maintain Sufficient Service and Repair Facilities, Cal. Civ. Code § 1794; (8) Failure to Make Service Literature and Parts Available, Cal. Civ. Code § 1794; (9) Advertising Defective Merchandise Without Disclosing Defects, Cal. Bus. & Prof. Code §§ 17531, 17535; (10) Conversion; (11) Negligence; and (12) Violation of Civil Code § 1796.5. ECF No. 1-1 ¶¶ 11–79.

On February 23, 2026, JLRNA filed an answer in the Superior Court and removed the case to this Court based on diversity jurisdiction. ECF Nos. 1, 1-6. On March 11, 2026, Winter filed the FAC, which adds as a defendant Jaguar Land Rover San Jose ("JLR San Jose"). ECF No. 7. The FAC brings the same claims, but asserts the negligence and Civil Code section 1796.5 claims, which had been asserted against Doe defendants, against JLR San Jose. FAC ¶¶ 62–71; ECF No. 1-2 ¶¶ 70–79. The remaining claims are only asserted against JLRNA. *Id.* ¶¶ 10–61.

On the same day he filed the FAC, Winter also filed a motion to remand. ECF No. 10. JLRNA moves to dismiss or, in the alternative, strike the FAC on grounds that it is procedurally improper and because the sole purpose of amendment was to add a diversity-destroying defendant. ECF No. 17.

United States District Court
Northern District of California

## II.    DISCUSSION

Before turning to the merits of the parties' motions, the Court makes two observations.

First, the procedural history of this case closely mirrors that of at least six other cases brought by Winter's counsel over the last five years: the plaintiff files a Lemon Law case in state court that names an auto company as the sole defendant; the defendant removes the action to federal court; and the plaintiff amends the complaint to add a non-diverse car dealership as a defendant and then moves to remand the action.  *See Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1096 (N.D. Cal. 2024) ("After Burch filed suit in California state court, Ford removed his lawsuit to federal court.  Burch then filed a first amended complaint naming California citizen Future Ford, Inc. . . . as a defendant.  Burch now moves to remand his lawsuit to California state court for lack of diversity."); *Holliday v. Jaguar Land Rover N. Am., LLC*, No. 24-CV-00553-BLF, 2024 WL 1244299, at *1 (N.D. Cal. Mar. 21, 2024) ("On January 29, 2024, JLRNA removed the case to this Court. . . . On February 6, 2024, Plaintiff filed her first amended complaint, which added Haron Motor Sales, Inc., as an additional defendant. . . . The next day, Plaintiff filed a motion to remand.") (citations omitted); *Briest v. Nissan N. Am., Inc.*, No. 23-cv-7688-DSF-SSCx, 2023 WL 7301959, at *1 (C.D. Cal. Nov. 6, 2023) ("This case was removed from state court on September 14, 2023, on the basis of diversity. On September 30, 2023, Plaintiff filed a First Amended Complaint that added a non-diverse defendant to the case. Defendant Nissan North America, Inc. now moves to strike the FAC and Plaintiff moves to remand the case."); *Tallman v. FCA US LLC*, No. 21CV1214-L-WVG, 2022 WL 935372, at *2 (S.D. Cal. Mar. 29, 2022) ("On July 2, 2021, Defendant removed the action to this Court on the basis of diversity jurisdiction . . . . On July 15, 2021, Plaintiff filed a First Amended Complaint . . . adding Carl Burger Dodge Chrysler Jeep Ram . . . as a defendant. . . . On August 4, 2021, Plaintiff filed a Motion to Remand to State Court."); *Azizi v. Ford Motor Co.*, No. 25-CV-02347-DOC-KES, 2025 WL 3120460, at *1 (C.D. Cal. Nov. 7, 2025) ("Defendant was served on September 11, 2025, and subsequently removed the action to this Court on October 13, 2025, asserting diversity jurisdiction. . . . On October 17, 2025, Plaintiff filed the FAC. . . . On October

3

United States District Court
Northern District of California

25, 2025, Plaintiff filed the present Motion to Remand the case to state court.");[2] *see also Royston v. Mercedes-Benz USA*, No. 22-cv-07026 (N.D. Cal.), ECF No. 11 (joint stipulation to remand where, "on November 14, 2022, Plaintiff amended his Complaint and added Defendant Mercedes-Benz of Stevens-Creek" and "on November 23, 2022 Plaintiff filed a motion to remand").

Furthermore, the *Burch*, *Holliday*, *Royston*, *Tallman*, *Briest*, and *Azizi* plaintiffs amended their complaints to assert their negligence and Section 1796.5 claims—which were initially asserted against Doe defendants or, in the case of *Tallman*, not asserted at all—against the non-diverse defendant, just as Winter has done here. *Compare Burch*, ECF No. 1-2 ¶¶ 61–70 *with Burch*, ECF No. 12 ¶¶ 62–71; *compare Holliday*, ECF No. 2-2 ¶¶ 61–70 *with Holliday*, ECF No. 13 ¶¶ 62–71; *compare Briest*, ECF No. 1, Ex. A ¶¶ 61–70 *with Briest*, ECF No. 12 ¶¶ 62–71; *compare Royston*, ECF No. 1-1 ¶¶ 61–70 *with Royston*, ECF No. 6 ¶¶ 62–71; *compare Tallman*, ECF No. 1-3 *with Tallman*, ECF No. 4 ¶¶ 43–50; *compare Azizi*, ECF No. 1-2 ¶¶ 79–88 *with Azizi*, ECF No. 6 ¶¶ 62–68.

Second, as discussed below, both Winter and JLRNA raise arguments that their counsel had asserted in prior cases, and that courts in this District have rejected. Neither party acknowledges this fact, let alone attempts to explain why the reasoning of those decisions does not apply here. *See* Cal. R. Prof. Conduct 3.3(a)(2) ("A lawyer shall not . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel . . ."). In the same vein, the parties also make no attempt to submit additional evidence or otherwise cure the deficiencies that other courts noted in rejecting their arguments. Counsel for both parties are admonished not to engage in these practices in the future. Not only do these tactics violate the rules of professional conduct, they consume judicial resources.

---

[2] The *Azizi* court remanded the action on grounds that the plaintiff did "not expressly alleged an amount in controversy above $75,000" and did not address the effect of adding a diversity-destroying defendant. *Azizi*, 2025 WL 3120460, at *3. The Court notes, though, that plaintiff amended the complaint to add a non-diverse defendant and did not amend her prayer for damages. *Azizi*, ECF Nos. 1-2, 6.

United States District Court
Northern District of California

**A.     Motion to Dismiss or, in the Alternative, to Strike**

**1.     Legal Standard**

Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course . . . (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Where, as here, a defendant has removed an action, and "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "'[A]mendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19.'" *Tetsubayashi v. Indeed, Inc.*, No. 25-CV-05049-RS, 2025 WL 2555786, at *2 (N.D. Cal. Sept. 5, 2025) (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000)).

Nevertheless, "when a plaintiff amends [the] complaint after removal to add a diversity-destroying defendant, [courts] will scrutinize the amendment pursuant to 28 U.S.C. § 1447(e)." *Greer v. Lockheed Martin*, No. CV 10-1704 JF HRL, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010) (citing *Chan v. Bucephalus Alternative Energy Grp., LLC*, No. C 08–04537, 2009 WL 1108744, at *3 (N.D. Cal. 2009)). To that end, "[c]ourts in this district have required leave of court before a plaintiff can file an amended pleading that would join a party that would defeat diversity." *Holliday*, 2024 WL 1244299, at *1 (collecting cases). Factors to be considered when determining whether to permit joinder of a non-diverse defendant include

> (1) whether the proposed defendant is a necessary party; (2) whether any statute of limitations would preclude an original action against the proposed defendant in state court; (3) whether the plaintiff has unjustifiably delayed in seeking joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the proposed defendant appear valid; and (6) whether denying joinder would prejudice the plaintiff.

*Santa Clara Valley Water Dist. v. CH2M Hill, Inc.*, No. 19-CV-08295-LHK, 2020 WL 4252677, at *3 (N.D. Cal. July 24, 2020). "'Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder.'" *Id.* (quoting *Yang v. Swissport USA, Inc.*, Case No.

C 09-03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010)) (brackets in the original; additional citation omitted).  "The decision of whether to grant leave to allow the joinder of a non-diverse defendant is a matter of the district court's discretion."  *Dooley v. Grancare, LLC*, No. C 15-3038 SBA, 2015 WL 6746447, at *2 (N.D. Cal. Nov. 5, 2015) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)).

### 2.    Analysis

"District courts in California have held that, even where the plaintiff seeks to amend as a matter of course under Rule 15(a), a plaintiff's failure to seek leave to join a non-diverse party under § 1447(e) is grounds to strike a complaint."  *Holliday*, 2024 WL 1244299, at *3 (citing *Dooley v. Grancare, LLC*, No. C 15-3038 SBA, 2015 WL 6746447, at *2 (N.D. Cal. Nov. 5, 2015); *Brown v. Ikon Off. Sols., Inc.*, No. C 09-03434 JWS, 2009 WL 3707334, at *1 (N.D. Cal. Nov. 4, 2009); 14C Wright & Miller, Federal Practice and Procedure § 3739.1.).

Winter's failure to seek leave to file the FAC here is remarkable, particularly because his attorney has been counsel of record in at least two cases where courts have found that leave of Court is required under these circumstances.  *See Holliday*, 2024 WL 1244299, at *3 ("The Court finds that Plaintiff's failure to seek leave of Court in accordance with § 1447(e) is grounds for striking first amended complaint."); *Burch*, 758 F. Supp. 3d at 1098 ("Because Future is a California citizen like Burch, however, the Court will construe Burch's filing of the amended complaint as a motion for leave to amend and consider whether to exercise its discretion under 28 U.S.C. § 1447(e) to permit the joinder of this diversity-destroying defendant.").

Winter argues that "Defendant's protests that Plaintiff's method of amending the complaint was improper are incorrect" because Section 1447(e) "does not state that Plaintiff has to file seek leave of court prior to filing."  ECF No. 21 at 2.  In so arguing, Winter ignores *Holliday*, *Burch*, and the numerous other cases that contradict his position.  *See, e.g.*, *Rukstalis v. Am. Zurich Ins. Co.*, No. 26-CV-02459-EKL, 2026 WL 1660029, at *1, 2 (N.D. Cal. May 26, 2026) ("After this case was removed to federal court on the basis of diversity jurisdiction, [p]laintiffs filed a first amended complaint – without leave of court – that joins [a diversity-destroying defendant]"; "Plaintiffs improperly filed the first amended complaint to circumvent the Court's consideration of

whether to permit post-removal joinder."); *Wolff-Bolton v. Manor Care-Tice Valley CA, LLC*, No. 17-CV-02405-JSC, 2017 WL 2887857, at *3 (N.D. Cal. July 7, 2017) (after defendant removed action based on diversity jurisdiction, "[p]laintiffs did not have the unilateral right to add the individual defendants to the complaint"); *Peralta Cmty. Coll. Dist. v. United Nat'l Ins. Co.*, No. 04-03287 SC, 2004 WL 2254621, at *1 (N.D. Cal. Oct. 5, 2004) ("Notwithstanding the general rule, a plaintiff may not file as a matter of course an amended complaint if the effect would be to destroy diversity of the parties."). Winter does not explain why these cases are distinguishable or inapplicable to the case at hand.

Because Winter failed to seek leave prior to amending his complaint, the Court STRIKES the FAC.[3]

### B. Motion to Remand

As the Court strikes the FAC, the Court considers whether diversity jurisdiction existed at the time the action was removed. *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.") (citation modified).

The majority of Winter's motion to remand is a recitation of the law regarding removal of actions to federal court; the motion does not affirmatively argue or present evidence that removal was improper. Winter instead merely challenges JLRNA to come forward with evidence that it properly removed the case.

### 1. Legal Standard

A defendant may remove a civil action from state court to federal district court if the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).

---

[3] Although Winter contends that he was not required to seek leave to file the FAC, he nevertheless argues that amendment should be allowed and analyzes the factors that courts consider when faced with joinder of a non-diverse defendant. ECF No. 21 at 3–5. The Court declines to consider Winter's belated attempt to justify his unilateral amendment.

District courts have original jurisdiction over civil actions based on the presence of a federal question, *see* 28 U.S.C. § 1331, or diversity of citizenship, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

A party who contests removal may file a motion to remand. *See* 28 U.S.C. § 1447(c). "Removal statutes are strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (citation omitted). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted).

### 2. Analysis

JLRNA removed this action based on diversity jurisdiction, which requires a complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a).

### a. Evidentiary Objections

Winter separately filed objections to the Lambert Declaration. ECF No. 18-1. The Court STRIKES these objections as improper under Civil Local Rule 7-3(c), which requires that "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum."

### b. Citizenship of the Parties[4]

The complaint does not allege Winter's or JLRNA's citizenship. While JLRNA offers evidence that Winter was a citizen of California in 2025 (ECF Nos. 15-5, 15-6), there is no evidence that Winter was still a citizen of California when the complaint was filed in January 2026 and removed in February 2026. *See Spekulation Orphan Relief Tr. v. NewRez, LLC*, No. 23-3484, 2025 WL 2028306, at *1 (9th Cir. July 21, 2025) ("It is clear that if a case is originally filed in state court, diversity jurisdiction is determined based on citizenship both when the state case is

---

[4] Because the Court strikes the FAC, it does not consider the citizenship of JLR San Jose in its analysis.

initiated and when the case is removed.") (citing *Gibson v. Bruce*, 108 U.S. 561, 563 (1883); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002)).

JLRNA points to its certification of interested parties, in which JLRNA represents that

> it is a limited liability company organized under the laws of Delaware and having its principal place of business in New Jersey. JLRNA is a subsidiary of Jaguar Land Rover Limited, which is a subsidiary of Jaguar Land Rover Holdings Limited, which is a subsidiary of Jaguar Land Rover Automotive PLC, which is a subsidiary of TML Holdings Pte. Ltd., which is a subsidiary of Tata Motors Ltd.

ECF No. 5.

At least one other court has found this insufficient to establish JLRNA's citizenship:

> To establish its citizenship, JLRNA relies on its certification of interested entities or persons, which states that JLRNA is organized under the laws of Delaware and has a principal place of business in New Jersey. . . . However, "[a] limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business." *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016)) (noting that a record indicating only that a limited liability corporation's principal place of business is insufficient to determine whether the court had diversity jurisdiction). JLRNA has not produced any evidence regarding the citizenship of its owners and members.

*Holliday*, 2024 WL 1244299, at *6 (footnote and citation omitted).[5]

The same holds true here. As in *Holliday*, JLRNA's certification of interested parties identifies its parent companies but gives no indication as to where they are domiciled. And JLRNA again does not offer evidence regarding its parent companies' citizenship—evidence that is within JLRNA's possession or ability to obtain.[6] This record is therefore insufficient to establish complete diversity. For this reason, the Court GRANTS Winter's motion to remand.

---

[5] Given that the *Holliday* court found that JLRNA's certification of interested entities was insufficient to establish JLRNA's citizenship, it is unclear why JLRNA did not submit supporting evidence of its citizenship with its opposition in this case.

[6] JLRNA requests leave to conduct jurisdictional discovery. ECF No. 15 at 7. Considering the history of this case and the clear direction that the court provided to JLRNA in *Holliday*, the Court denies JLRNA's request.

United States District Court
Northern District of California

**III.   CONCLUSION**

For the foregoing reasons, the Court GRANTS JLRNA's motion and STRIKES the FAC, and GRANTS Winter's motion to remand.

**IT IS SO ORDERED.**

Dated: June 29, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

10